IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| TRACY ANTHONY MILLER, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) | CV 108-168 |
| VICTOR WALKER, Warden, | ) ) ) | |
| Respondent. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, proceeding *pro se*, brought the captioned matter ostensibly pursuant to 28 U.S.C. § 2241. He seeks leave to proceed *in forma pauperis* ("IFP"). (Doc. no. 2). For the following reasons, the Court **REPORTS** and **RECOMMENDS** that the petition be **DISMISSED**, that his motion to proceed IFP be **DENIED** as **MOOT**, and that this civil action be **CLOSED**.[1]

I. **BACKGROUND**

Petitioner, an inmate detained at Augusta State Medical Prison ("ASMP") in Grovetown, Georgia, alleges the following in his petition. On December 2, 2008, he received a notification that he was being placed in administrative segregation. (Doc. no. 1, p. 6). According to Petitioner, the ASMP officers did not follow the standard operating

---

[1]As "it appears from the application that the applicant or person detained is not entitled" to the relief he seeks, the Court now makes its recommendation without directing the Respondent to respond to the instant petition. 28 U.S.C. § 2243.

procedure for placing inmates in administrative segregation. (Id.). Petitioner alleges that he is being placed in administrative segregation based on fabricated disciplinary reports. (Id. at 7-9). He also alleges that the ASMP officers are fabricating these disciplinary reports in retaliation for his filing lawsuits against ASMP officers and officials. (Id.). Petitioner contends that, because he is disabled, he is assigned to administrative segregation more regularly than a non-disabled prisoner, this somehow results in his serving a longer state sentence. (Id. at 7-8). Petitioner also alleges various general conditions of confinement claims. (Id. at 11). Petitioner further explains that he seeks injunctive relief against the prison officials who have purportedly retaliated against him for attempting to enforce his constitutional and statutory rights, such as his "Fourteenth Amendment right to equal protection of the laws that [] include the right to be free of arbitrary or irrational discrimination on the basis of his disability[,] [his] Eighth Amendment right not to be subjected to a longer term of . . . administrative segregation and isolation . . . ." (Id. at 8).

## II. DISCUSSION

The Court begins by noting that although Petitioner has labeled this action as brought pursuant to § 2241, the petition for writ of habeas corpus "traditionally 'has been accepted as the specific instrument to obtain release from [unlawful] confinement.'" Wilkinson v. Dotson, 544 U.S. 74, 79 (2005) (quoting Preiser v. Rodriguez, 411 U.S. 475, 487 (1973)). Section 2241 empowers the Court to act only when a prisoner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Here, Petitioner does not contend that his confinement is unlawful; rather, he seeks injunctive relief for alleged violations of his civil rights. In short, Petitioner does not seek habeas relief.

2

That said, even if the instant action may be considered as properly brought under § 2241, "habeas corpus actions require a petitioner fully to exhaust state remedies." Wilkinson, 544 U.S. at 79.

The exhaustion doctrine, "first announced" in Ex parte Royall, 117 U.S. 241 (1886), requires the petitioner to "give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999)(§ 2254 case). The Supreme Court has held that a state inmate is deemed to have exhausted his state judicial remedies when he has given the state courts, or they have otherwise had, a "fair opportunity" to address the state inmate's federal claims. Castille v. Peoples, 489 U.S. 346, 351 (1989). In order to afford the state courts this "full and fair opportunity" to address his claims, a habeas petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan, 526 U.S. at 845. Petitioner does not allege that he has sought any remedy in state court. Accordingly, any habeas claim he may be seeking to raise must be dismissed.

Of course, the Court may also construe the petition liberally, see Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), as a civil rights complaint brought under 42 U.S.C. § 1983. As Petitioner's complaint was filed IFP, it must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). The Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e) & 1915A.

Unfortunately for Petitioner, even if construed as brought pursuant to § 1983, this

3

action suffers from a fatal defect. The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." The PLRA's mandatory exhaustion requirement applies to all federal claims brought by any inmate. Porter v. Nussle, 534 U.S. 516, 520 (2002). Furthermore, the Court does not have discretion to waive the requirement, even if it can be shown that the grievance process is futile or inadequate. Alexander v. Hawk, 159 F.3d 1231, 1325-26 (11th Cir. 1998). In the Eleventh Circuit, "[a] claim that fails to allege the requisite exhaustion of remedies is tantamount to one that fails to state a claim upon which relief may be granted." Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998).

Here, Petitioner does not allege that he pursued any administrative remedy prior to filing the instant suit. Indeed, he filed the above-captioned petition on December 19, 2008, only seventeen days after he received the notification that he was being placed in administrative segregation, the event on which he bases his petition.[2,3] As a result, the Court

---

[2] The Court is aware that Petitioner has also alleged that on November 26, 2008, he was placed in disciplinary isolation (doc. no. 1, p. 10); this event occurred less than one month prior to his filing this petition.

[3] The Court recognizes that the Supreme Court recently held that under the PLRA exhaustion of administrative remedies is an affirmative defense. Jones v. Bock, 549 U.S. 199, 215 (2007). However, if the allegations in the complaint, taken as true, demonstrate that a prisoner's claims are barred by an affirmative defense, the complaint is subject to dismissal for failure to state a claim upon which relief can be granted. Id. at 14; see also Clark v. Georgia Bd. of Pardons and Paroles, 915 F.2d 636, 640-41 (11th Cir. 1990) (explaining that district court may dismiss prisoner's complaint "if [it] sees that an affirmative defense would defeat the action," including the prisoner's failure to exhaust "alternative remedies"). Therefore, because it is clear from the face of Petitioner's petition that he failed to exhaust

4

concludes that any §1983 claim Petitioner may be attempting to raise must be dismissed for failure to exhaust administrative remedies.[4]

### III. CONCLUSION

Accordingly, the Court **REPORTS** and **RECOMMENDS** that Petitioner's petition filed pursuant to 28 U.S.C. § 2241 be **DISMISSED**, that his motion to proceed IFP be **DENIED** as **MOOT**, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 25th day of March, 2009, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

his administrative remedies, the Court can properly recommend that Petitioner's petition be dismissed. See Anderson v. Donald, Civil Case No. 06-16322 (11th Cir. Jan. 8, 2008) (finding that the district court properly dismissed the plaintiff's complaint because the allegations in the complaint sufficed to establish that the plaintiff failed to exhaust his administrative remedies).

[4]It is noteworthy that Petitioner has filed two civil rights cases in this district that address similar, if not the same, claims Petitioner has raised in the above-captioned petition. (See Miller v. King, Civil Case No. 698-109 (S.D. Ga. Aug. 4, 1998) (hereinafter "CV 698-109"); Miller v. Owens, Civil Case No. 105-153, doc. nos. 24, 32, 35 (S.D. Ga. Jan. 5, 2009). All of Petitioner's claims filed in these civil rights cases are being considered in the settlement negotiations in CV 698-109.